United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINCENT BREON, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL RECOVERY ASSOCIATES, INC., d/b/a CRA SECURITY SYSTEMS and RICHARD LYONS, <br><br> Defendants. <br> _____/ | NO. C 05-00766 JW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CAPITAL RECOVERY ASSOCIATES ONLY** |

## I. INTRODUCTION

Presently before the Court is Plaintiff Vincent Breon's ("Plaintiff") Motion for Default Judgment against Defendants Capital Recovery Associates, Inc., d/b/a CRA Security Systems (hereinafter "CRA"), and Richard Lyons ("Lyons") pursuant to Rule 55, Fed. R. Civ. P. Neither CRA nor Lyons appeared in this action or submitted an opposition to Plaintiff's motion. Based upon all papers filed to date, the Court finds that Plaintiff is entitled to default judgment against CRA only.

## II. BACKGROUND

On February 22, 2005, Plaintiff filed this action against CRA and Lyons for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "Federal FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788, et seq. (hereinafter, "California FDCPA"). Plaintiff alleged that CRA and Lyons violated the Federal FDCPA by: (1) providing Plaintiff with false,

misleading, and inaccurate information in an effort to collect an alleged debt; (2) failing to provide an accurate statutorily required 30-day validation notice; (3) providing Plaintiff with a misleading validation notice; and (4) misrepresenting to Plaintiff that any disputes of the debt must be in writing. Plaintiff alleged that CRA and Lyons violated the California FDCPA by: (1) failing to comply with the Federal FDCPA; (2) failing to provide the notice of debtor's rights as required under Cal. Civ. Code 1812.700; and (3) providing false, misleading, and deceptive statements in demand letter. As a preliminary matter, the Court dismisses Plaintiff's complaint as to Lyons because Plaintiff failed to serve Lyons with a copy of the summons and complaint.[1] CRA, however, was personally served with a copy of the summons and complaint on May 16, 2005. CRA failed to answer the complaint or otherwise defend the action. On July 7, 2005, the Clerk of this Court entered default as to CRA. On October 3, 2005, Plaintiff filed this Motion for Default Judgment.

### III. STANDARDS

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)). Necessary facts not contained in the pleadings, and claims which are legally insufficient, however, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### IV. DISCUSSION

A.   Statutory Damages

---

[1] Plaintiff also stipulated to dismissing Lyons as a defendant to this action. See Plaintiff's Motion for Default Judgment, Docket Item No. 13 at 1:footnote 2.

1    Plaintiff contends that statutory damages is warranted under the Federal FDCPA. The Federal FDCPA precludes the use of false representations, threats, and deceptive practices to collect debt from an individual. See Bracken v. Harris & Zide, L.L.P., 219 F.R.D. 481, 484 (N.D.Cal., 2004). Plaintiff alleged that CRA sent Plaintiff a demand letter that was objectively false, namely, notifying Plaintiff that he must respond to CRA's demand letter within thirty days and in writing. Construing these allegations as true for purposes of Plaintiff's Motion for Default Judgment, the Court finds that CRA is liable to Plaintiff for relief under the Federal FDCPA. See 15 U.S.C. § 1692(b) (Consumer has the *option* of notifying the debt collector in writing within the thirty-day period.). The maximum recovery for a plaintiff in an action under the Federal FDCPA, who did not allege any actual damages and requested only statutory damages, is $1,000. See 15 U.S.C. § 1692k. Therefore, the Court awards Plaintiff statutory damages in the amount of $1,000 under the Federal FDCPA.

Plaintiff also contends that statutory damages is warranted under the California FDCPA. Unlike the Federal FDCPA, however, the California FDCPA only applies to debt collectors attempting to collect a debt arising from a "consumer credit transaction." Cal. Civ. Code §§ 1788.13, 1788.17. This Court has held that a dishonored check is not a "credit transaction" within the meaning of the California FDCPA. Raymond Abels v. JBC Legal Group re Order Granting Defendants' Motions to Dismiss, 04-cv-2345, Docket Item No. 87 at 3:15-16. Because Plaintiff's debt arose from a check that was dishonored by its bank, Plaintiff's claims under the California FDCPA are legally deficient.[2]

Nevertheless, Plaintiff contends that statutory damages is warranted under Cal. Civ. Code 1812.700 because Cal. Civ. Code 1812.700 does not restrict an award of damages only to consumer credit transactions. Plaintiff fails to note, however, that Cal. Civ. Code 1812.700(a) is expressly subject to the requirements imposed by Article 2 *commencing* with Section 1788.10. Because Cal. Civ. Code §§ 1788.13 and 1788.17 commences with Section 1788.10 and contains the "consumer credit transaction" requirement, Plaintiff's contention is without merit.

---

[2] Plaintiff also withdrew the allegation of a violation of the California FDCPA in its supplemental brief re Motion for Default Judgment. See Plaintiff's Supplemental Brief re Motion for Default Judgment, Docket Item No. 15 at 1:20-23.

United States District Court
For the Northern District of California

B.     Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees incurred in prosecuting this action against CRA in the amount of $5,399. Pursuant to 15 U.S.C. 1692k(a)(3), Plaintiff is entitled to recover full costs, including reasonable attorney's fees. A reasonable attorney fee is the number of hours and the hourly rate that would be billed by "reasonably competent counsel." See Yahoo! Inc. v. Net Games, Inc., 329 F.Supp.2d 1179, 1183 (N.D.Cal., 2004) (Attorney fee applicants are entitled to an award sufficient to enable them to secure reasonably competent counsel, but are not entitled to an award necessary to secure counsel of their choice.).

The Court has reviewed Plaintiff's attorney's fees in this action and finds the rate of compensation, $300/hr for the attorney and $90/hr for the legal assistants, to be excessive. In Yahoo! Inc. v. Net Games, Inc., the court found that $266 per hour for the attorneys and $152 per hour for the legal assistants were excessive. See Id. The court reasoned that although the plaintiff argued that the factual analysis was detailed and the legal analysis was complex, the plaintiff's description was plainly an exaggeration because the case "simply was not unusually complex." Id. at 1189. Likewise, the instant case simply was not unusually complex. All Plaintiff did here was formulate the complaint, obtain an entry of default, and immediately thereafter, file an unopposed motion for default judgment. The only evidence Plaintiff had to obtain were the demand letters that Defendant sent to Plaintiff. Additionally, the Court finds that a reasonably competent attorney would have only taken 5 hours to draft and complete the motion brief instead of the 10.3 hours that counsel personally spent on the brief.

The Court finds it appropriate to adopt the formulae as set forth in Yahoo!. The Yahoo! court calculated the reasonable rate by dividing the mean hourly wage of attorneys in the San Francisco area by the ratio of net receipts to gross receipts. See Id. This Court will calculate the reasonable rate based on the mean hourly wage of attorneys in the San Jose area, and divide that number by the ratio of net to gross receipts using the most recent 2001 year data from the 2004-2005 Statistical Abstract. See United States Census Bureau, Statistical Abstract of the United States: 2004-2005, tbl 718, available at http://www.census.gov/statab/www/. Gross receipts totaled $91 billion and net receipts totaled $32 billion.

This yields a ratio of net receipts to gross receipts of 0.352. The most recent data available from the Bureau of Labor Statistics ("BLS") describing hourly wages in the San Jose area are available at http://www.bls.gov/oes/current/oes_7400.htm. Dividing the most recent mean hourly wage for lawyers, $74.10/hr, by the most recent ratio of net to gross receipts, 0.352, yields an estimate of $210.51/hr as the average market rate for lawyers in the San Jose area. Similarly, dividing the most recent mean hourly wage for legal assistants, $27.65/hr, by the same ratio, 0.352, yields an estimate of $78.55/hr as an estimated average hourly rate for legal assistants in the San Jose area. The Court awards Plaintiff $2,041.95 for the 9.7 hours that counsel spent on the case at a rate of $210.51 per hour. The Court also awards Plaintiff $733.66 for the 9.34 hours that the assistants have spent on the case at a rate of $78.55 per hour. Finally, the Court awards Plaintiff the $250 filing fee cost and $30 cost for service of process.

## V.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED. Plaintiff is awarded statutory damages against CRA in the amount of $1,000, and $3,055.61 in attorney's fees and costs for a total award of $4,055.61.

Dated: November 7, 2005                    /s/James Ware
05cv766dj                                   JAMES WARE
                                            United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ronald Wilcox ronaldwilcox@post.harvard.edu

**Dated: November 8, 2005**                     **Richard W. Wieking, Clerk**

                                             **By:__/s/JW Chambers_____**
                                                     **Ronald L. Davis**
                                                     **Courtroom Deputy**